Rodney Quincy POOR, Petitioner—Appellant,

v.

Cal A. TERHUNE, Director of CDC, Respondent—Appellee.

No. 02–16242.

D.C. No. CV–99–01706–FCD.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2004.*

Decided Feb. 12, 2004.

Rodney Quincy Poor, pro se, Coalinga, CA, Allison Claire, Sacramento, CA, for Petitioner–Appellant.

Robert R. Anderson, Deputy Atty. Gen., Catherine Tennant, AGCA–Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before GOODWIN, TASHIMA, and CLIFTON, Circuit Judges.

MEMORANDUM**

Petitioner Rodney Poor appeals the denial of his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

In 1997, state authorities arrested Poor, Michael Hardin and Tammy Luthy, after discovering a methamphetamine manufacturing operation in Hardin's trailer and related materials in Poor's trailer. Hardin initially accepted responsibility for the operation, but subsequently recanted and implicated Poor and Luthy. With Hardin's counsel, Denny Forland, specially appearing for Poor's counsel, Larry Willis, Poor waived the preliminary hearing. Willis represented Poor at all other times. Following conviction on one count of manufacturing methamphetamine, Poor directly appealed without success. The California state courts summarily denied his state habeas petition, and the district court denied his present habeas petition filed under 28 U.S.C. § 2254. We granted a Certificate of Appealability on the issue of "whether [Poor's] Sixth Amendment right to counsel was violated because his trial counsel had a conflict of interest."[1] *See* § 2253(c)(2).

Poor contends that Forland advised him to waive the preliminary hearing in order to protect Hardin from testifying and claiming full responsibility for the manufacturing operation. Poor also asserts that the arresting officer's testimony regarding Hardin's initial acceptance of responsibility would have been preserved, possibly to impeach the officer's trial testimony. He argues that, at a minimum, the case should be remanded for an evidentiary hearing.

We review de novo both the denial of a petition for a writ of habeas corpus and a claim of ineffective assistance of counsel. *United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir.2003). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a habeas petition should not be granted unless the state court's decision is contrary to, or an unreasonable application of, clearly established federal law as set forth by the Supreme Court. 28 U.S.C. § 2254(d)(1). We do not defer to a state court's decision when that court provides nothing to which deference could apply, but " 'we must still focus primarily on Supreme Court cases in deciding whether the state court's resolution of the case constituted an unreasonable application of clearly established federal law.' " *Greene v. Lambert*, 288 F.3d 1081, 1089 (9th Cir.2002) (quoting *Fisher v. Roe*, 263 F.3d 906, 914 (9th Cir.2001)).

The right to counsel under the Sixth Amendment extends to the preliminary hearing. *See Coleman v. Alabama*, 399 U.S. 1, 9, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). The right requires counsel to be free from conflicts of interest. *See Wood v. Georgia*, 450 U.S. 261, 269–71, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981). Joint representation of co-defendants is not a conflict per se. *See Holloway v. Arkansas*, 435 U.S. 475, 482, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). Rather, when no contemporaneous objection has been made to an alleged conflict, a defendant must show an actual conflict. *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). "An 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance." *Mickens v. Taylor*, 535 U.S. 162, 172 n. 5, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002).

Poor has not demonstrated that Forland's concurrent representation of Poor

---

1. Although we referred to "trial counsel," Poor alleged at the district court, as he alleges here, that it was his counsel at the preliminary hearing, Forland, not his counsel at trial, Willis, who provided constitutionally ineffective assistance due to a conflict of interest. Accordingly, we review only whether Poor's Sixth Amendment right to counsel was violated because Forland had a conflict of interest.

and Hardin was an "actual conflict" under the Sixth Amendment. His unsupported assertion that Hardin would have waived his right against self-incrimination and testified at the preliminary hearing is too speculative to support an inference that Forland's purported advice to waive the hearing was adversely affected by an interest in protecting Hardin. *See Mickens,* 535 U.S. at 173–74; *see also Belmontes v. Woodford,* 350 F.3d 861, 886 (9th Cir.2003) ("We are of the view, however, that these alleged failings are too speculative to sustain a conflict of interest claim."). Similarly, the possibility that the preliminary hearing would have provided material to impeach the arresting officer does not demonstrate that Forland's representation at the preliminary hearing was adversely affected. *See Cuyler,* 446 U.S. at 350. Thus, Poor's habeas petition was properly denied.

We review for abuse of discretion the denial of an evidentiary hearing. *Rodrigues,* 347 F.3d at 823. 28 U.S.C. § 2254 prohibits an evidentiary hearing in cases where the applicant has failed to establish the factual basis in state courts. Because Poor's claim does not rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, nor does it rely on a factual predicate that could not have been previously discovered through the exercise of due diligence, he is not entitled to an evidentiary hearing under AEDPA. 28 U.S.C. § 2254(e)(2); *see also Nunes v. Mueller,* 350 F.3d 1045, 1056 n. 8 (9th Cir.2003).

Even if Poor could overcome this bar, he still would not be entitled to an evidentiary hearing, because he has not "alleg[ed] specific facts which, if true, would indicate that: (1) an attorney's relationship to a

third party influenced the attorney not to pursue a particular litigation strategy, and (2) the foregone litigation strategy would have been a viable alternative." *Rodrigues,* 347 F.3d at 824. Nothing in the record indicates that Hardin would have testified at the preliminary hearing, much less contradicted the statements attributed to him by the arresting officer. *See id.* at 828. Moreover, in seeking Poor's pretrial release, Forland did argue that one of Poor's co-defendants had accepted responsibility for the manufacturing operation. Therefore, even assuming Forland advised against the preliminary hearing, Poor has not alleged specific facts that, if true, would show Forland was influenced by his loyalty to Hardin.

**AFFIRMED.**